Jennifer KARN, Plaintiff—Appellant,

v.

David HANSON, d/b/a Steer In,
Defendant—Appellee.

No. 04–36075.

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2006.*

Filed July 28, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

---

Geoffrey C. Angel, Esq., Angel Law Firm, Bozeman, MT, for Plaintiff–Appellant.

Thomas E. Hattersley, III, Teri A. Walter, Esq., Julianne C. Burkhardt, Esq., Gough Shanahan Johnson & Waterman, Helena, MT, for Defendant–Appellee.

Before: GOODWIN, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiff Jennifer Karn sued her employer, Defendant David Hanson, claiming sexual harassment, retaliation, and sex discrimination on the basis of her pregnancy, in violation of Montana's Human Rights Act, Mont.Code Ann. § 49–1–102, and Title VII of the Civil Rights Act of 1964. A federal jury found Defendant liable but awarded Plaintiff no monetary damages. The district court ordered a new trial on the issue of compensatory damages, but Plaintiff appeals several other rulings.

1. Plaintiff attempts to appeal the district court's denial of a motion for directed verdict as to punitive damages. Plaintiff made no such motion below and, thus, failed to preserve the issue for appeal. *See Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941) ("Ordinarily an appellate court does not give consideration to issues not raised below.").

2. It is irrelevant whether the district court erred in not granting a directed verdict as to Plaintiff's discrimination and retaliation claims because the jury found for Plaintiff as to both claims.

3. The district court did not abuse its discretion in denying Plaintiff's motion for a new trial on the issue of general damages. *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003). Plaintiff's claim was based on an assertion of emotional distress, for which there was almost no supporting evidence at trial. *See Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1005 (9th Cir.2004) ("A new trial is proper only if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." (internal quotation marks omitted)).

4. The dearth of evidence regarding emotional distress also made the district court's decision to grant Defendant's motion for a directed verdict on that claim proper.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

5. Plaintiff challenges the district court's use of a jury instruction that incorporated the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). She waived her challenge to that instruction by requesting the use of a special verdict form that incorporated the same analytical structure. *Sanghvi v. City of Claremont*, 328 F.3d 532, 541 (9th Cir.2003). In any event, any instructional error was harmless in light of the fact that the jury found for the Plaintiff as to each of her claims.

6. Finally, Plaintiff appeals the district court's admission of photographs and testimony regarding her sexually suggestive behavior within her workplace. Any error in admitting the photographs was harmless in light of the fact that the first jury held the Defendant liable on each claim, and the second jury, which awarded the damages, was asked only to determine the amount of lost wages.

AFFIRMED.